**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4566**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

JOHN D. ONLEY, a/k/a Jamal,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:06-cr-00062-JPB-JES-1)

─────────────

Submitted:  February 25, 2009          Decided:  March 17, 2009

─────────────

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

G. Godwin Oyewole, Washington, D.C., for Appellant.  Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John D. Onley pleaded guilty to three counts of distribution of crack cocaine and one count of possession with intent to distribute crack cocaine. Onley objected to the relevant conduct drug amount as calculated in the presentence report. At sentencing, Onley testified regarding his relevant conduct and the Government presented evidence in support of the probation officer's findings. The district court adopted the relevant conduct drug amount as set forth in the presentence report, finding Onley's testimony to be "patently incredible." The district court declined to apply a downward adjustment for acceptance of responsibility on account of its determination that Onley's testimony was untruthful.

Onley's resulting advisory guideline range was between 108 and 135 months' imprisonment. The court considered the sentencing factors set forth at 18 U.S.C. § 3553(a) (2006), particularly remarking on Onley's history and characteristics, § 3553(a)(1), and imposed a sentence of 108 months. Onley appeals, arguing that the district court ignored the "reasonableness" standard mandated under Gall v. United States, 128 S. Ct. 586, 594-95, 597 (2007), failed to fully consider the § 3553(a) factors, and erred in denying a reduction for acceptance of responsibility. We affirm.

We review a federal sentence for reasonableness, under an abuse-of-discretion standard. Gall, 128 S. Ct. at 594, 597. This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597. A sentence within the properly calculated guideline range may be afforded an appellate presumption of reasonableness. Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2459, 2462 (2007).

Onley's 108-month sentence, which falls at the lowest end of his guideline range, is presumptively reasonable. Moreover, the district court appropriately considered that range, together with the arguments at sentencing and the § 3553(a) factors, when imposing the sentence. We have consistently held that while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). In this regard, the district court's explanation for the sentence imposed was sufficient. Moreover, in light of Onley's false denials regarding his relevant conduct, the district court did not clearly err in denying an adjustment for acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.1(a))

3

(2007) (a defendant who falsely denies or frivolously contests his relevant conduct has "acted in a manner inconsistent with acceptance of responsibility.").

In sum, we conclude that the sentence imposed is reasonable and that the district court did not abuse its discretion in sentencing Onley to 108 months in prison. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED